UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

JEROME TALLEY,

                Plaintiff,

   v.

DONNA JACKSON and JAMES DONOHUE,

                Defendants.

Case No. C15-855-RSM

ORDER DISMISSING COMPLAINT

      Plaintiff Jerome Talley filed this action *pro se* and *in forma pauperis* ("IFP") against Magistrate Judge James P. Donohue and U.S. District Court clerk Donna Jackson, both in their official capacity. Plaintiff brings claims for money damages against both Defendants based on alleged errors in the filing and adjudication of his previously filed habeas case. This Court has reviewed the Complaint pursuant to 28 U.S.C. § 1915(e) and finds that it must be dismissed for seeking monetary relief against defendants entitled to immunity.

**BACKGROUND**

      Plaintiff filed this Complaint along with a motion for leave to proceed IFP on June 1, 2015. Dkt. # 1. Plaintiff's IFP application describes the nature of his action as a "Bivens Complaint for money damages and injuries." *Id.* at p. 1. The allegations in Plaintiff's

ORDER DISMISSING COMPLAINT- 1

Complaint relate to the administration and adjudication of his petition for writ of habeas corpus under 28 U.S.C. § 2254 in Case No. C15-549-MJP-JPD. In his Complaint, Plaintiff alleges that U.S. District Court clerk Donna Jackson acted "in the clear absence of all jurisdiction" by failing to apply the $5.00 filing fee set forth in 28 U.S.C. § 1914(a) for applicants for a writ of habeas corpus and instead causing him to proceed under the IFP statute, 28 U.S.C. § 1915. Dkt. # 3 ("Compl."). Plaintiff also accuses Ms. Jackson of failing to promptly forward his petition to the assigned district court judge. Plaintiff similarly alleges that Judge Donohue acted without jurisdiction in granting him IFP status and caused him to remain in custody by declining to serve his petition. *Id.*

Magistrate Judge Brian Tsuchida granted Plaintiff's application to proceed IFP, finding that he met the requirements of 28 U.S.C. § 1915(a)(1). Dkt. # 2. In granting Plaintiff's IFP application, Judge Tsuchida recommended that the Complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B). The instant Order concerns the results of this screening.

## Applicable Legal Standards

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL 2745386 (W.D. Wash. 2007). This provision mandating dismissal applies to all *in forma pauperis* actions, whether or not the plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000)(en banc).

The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes the complaint in the light most favorable to a *pro se* plaintiff. *See Erickson v.*

*Pardus*, 551 U.S. 89, 93 (2007)("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation omitted). Nonetheless, section 1915(e) requires the Court to dismiss an *in forma pauperis* complaint prior to service where relief cannot possibly be granted. *See, e.g.*, *Lopez*, 203 F.3d at 1127 (Section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). When dismissing a complaint under section 1915(e), the court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (affirming dismissal of frivolous complaint without leave to amend); *see also Lopez*, 203 F.3d at 1124.

## DISCUSSION

Judges are absolutely immune from civil liability for damages for their judicial acts. *Mullis v. U.S. Bankruptcy Court of Dist. of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987) (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Absolute immunity extends to magistrate judges, whose role is "functionally comparable" to that of an Article III judge. *Ryan v. Bilby*, 764 F.2d 1325, 1328 n. 4 (9th Cir. 1985); *see also Tanner v. Heise*, 789 F.2d 572, 576 (9th Cir. 1989); *Atkinson-Baker & Associates, Inc. v. Kolts*, 7 F.3d 1452 (9th Cir. 1993); *Sherwood v. Brennan*, 1998 WL 196475 (N.D. Cal. 1998).

Here, Plaintiff alleges that Magistrate Judge Donohue acted without jurisdiction by granting Plaintiff IFP status and by declining to serve his habeas complaint. Plaintiff's claims

are without merit. A clear absence of jurisdiction means a clear lack of all subject matter jurisdiction. *Mullis*, 828 F.2d at 1389. There is no question that this court possessed subject matter jurisdiction over Plaintiff's habeas corpus complaint. 28 U.S.C. §1331. As to Magistrate Judge Donohue's role in adjudicating this case, Congress has explicitly provided magistrate judges the authority to hear and determine certain pretrial matters in actions pending before the district court. *See* 28 U.S.C. 636(a)-(b). This authority extends to ruling upon applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, to hear nondispositive pretrial matters, and to enter reports and recommendations for the disposition of motions to dismiss. *See* MJR 1(h); MJR 3(a); MJR 4; 28 U.S.C. § 636(b)(1)(A)-(B). Judge Donohue therefore acted squarely within the bounds of his statutorily prescribed authority in acting on Plaintiff's IFP application, providing him leave to amend his complaint prior to service, and entering a report recommending that the assigned district judge dismiss Plaintiff's habeas complaint.

Plaintiff's claims against Defendant Jackson are barred on similar grounds. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. The commencement of an action by filing a petition for relief is an integral part of the judicial process. *Id.* Ms. Jackson is accordingly entitled to quasi-judicial immunity unless her acts were done in the clear absence of all jurisdiction. *Id.*

Here, Plaintiff's Complaint alleges that Ms. Jackson erred in failing to apply the filing fee prescribed by 28 U.S.C. § 1914. Plaintiff's allegations of impropriety are belied by the fact that he himself filed an IFP application precipitating the Court's consideration. *See* Case No. C15-549-MJP, Dkt. # 3. While the Court is persuaded that Ms. Jackson acted properly,

even if in error, her actions did not exceed the court's general subject matter jurisdiction. *See Mullis*, 828 F.2d at 1390 ("[A] mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" (quoting *Stump*, 435 U.S. at 359)).

To the extent that Plaintiff's claims against Ms. Jackson are not barred by the doctrine of quasi-judicial immunity because of their administrative or ministerial nature, *see Antoine v. Byers & Anderson*, 508 U.S. 429, 435-36 (1993), they are barred by the doctrine of qualified immunity, which shields government officials performing discretionary functions "from liability for civil damages insofar as their conduct does not violate clearly established constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also Burns v. Reed*, 500 U.S. 478, 494 (Qualified immunity is a "protective" rule which "provides ample support to all but the most plainly incompetent or those who knowingly violate the law."). Plaintiff's pleadings neither show a violation of his constitutional rights nor any action taken by Ms. Jackson that exceeded the bounds of objective reasonableness.

Having found Defendants to be entitled to immunity as to all claims for monetary relief asserted against them, the Court is bound to dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(iii). As it is clear that Plaintiff could not cure the identified deficiencies by amendment, his Complaint shall be dismissed with prejudice and without leave to amend.

**CONCLUSION**

For the reasons stated herein, the Court hereby ORDERS that Plaintiff's Complaint is DISMISSED prior to service pursuant to 28 U.S.C. § 1915(e)(2)(B) without leave to amend.

DATED this 18th day of June 2015.

                                   RICARDO S. MARTINEZ
                                   UNITED STATES DISTRICT JUDGE